UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TSEGA LEMESSA DESTA                                                    PETITIONER

VERSUS                                    CIVIL ACTION NO. 5:26-CV-237-DCB-RPM

WARDEN R. VERGARA                                                     RESPONDENT

## **REPORT AND RECOMMENDATION**

Before the Court is Petitioner Tsega Lemessa Desta's petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241.  Respondent has filed a motion to dismiss based on Petitioner's

subsequent removal from the United States.  At the time he filed his petition on March 27, 2026,

Petitioner was an immigration detainee housed at the Adams County Correctional Center in

Natchez, Mississippi.  He is a native of Ethiopia who entered the United States on December 23,

2024.  He applied for asylum on May 25, 2025.  An immigration judge (IJ) denied his

application on August 20, 2025, and ordered him removed from the United States to Ethiopia.

Petitioner appealed the IJ's decision, but the Board of Immigration Appeals affirmed the IJ's

decision on February 3, 2026.  On April 27, 2026, Petitioner was removed from the United States

via a commercial air flight.  According to ICE's Online Detainee Locator System, Petitioner is

no longer at the Adams County Correctional Center or in ICE custody.[1]  Petitioner has not filed a

response to the motion.[2]

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing

cases or controversies."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  "To invoke the

jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury

---

[1] The Court's search involved inputting Petitioner's "A-Number" and "Country of Birth."
[2] The Court also notes that mail sent to Petitioner has been returned as undeliverable with the notation "Released."
[6] [9] [10].

traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citations omitted). The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit.'" *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot) (quoting *Lewis,* 494 U.S. at 477–48).

Petitioner sought release from ICE custody; and his petition is now moot because he has been released from ICE custody. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as traditionally providing "a means to seek *release* from unlawful detention"). Accordingly, the instant petition no longer presents a live case or controversy for purposes of satisfying Article III and should be dismissed as moot.

## RECOMMENDATION

The undersigned recommends that Respondent's [8] Motion to Dismiss be GRANTED and that Petitioner Tsega Lemessa Desta's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus be DISMISSED as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings,

conclusions, and recommendations contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 2nd day of June 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE